**WO**

MDR

1
2
3
4
5

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hipolito Lopez, | No.  CV 20-02153-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

On November 9, 2020, Plaintiff Hipolito Lopez, who is confined in the Arizona State Prison Complex-Yuma (ASPC-Yuma) in San Luis, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  On November 17, 2020, he filed a First Amended Complaint (Doc. 3) and an Application to Proceed In Forma Pauperis.  In a December 3, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.  On December 28, 2020, Plaintiff filed a document entitled "Asking for extension of time on my Forma Pauperis," which the Court granted in a January 7, 2021 Order.

On January 8, 2021, Plaintiff filed a second Application to Proceed In Forma Pauperis (Doc. 9).  The Court will grant the second Application to Proceed, order Defendants Centurion and Jordan to answer the First Amended Complaint, and dismiss Defendants Shinn and Doe without prejudice.

. . . .

TERMPSREF

1    **I.      Second Application to Proceed In Forma Pauperis and Filing Fee**

2            The Court will grant second Plaintiff's Application to Proceed In Forma Pauperis.

3    28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C.

4    § 1915(b)(1).  The Court will assess an initial partial filing fee of $21.67.  The remainder

5    of the fee will be collected monthly in payments of 20% of the previous month's income

6    credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

7    28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

8    government agency to collect and forward the fees according to the statutory formula.

9    **II.     Statutory Screening of Prisoner Complaints**

10           The Court is required to screen complaints brought by prisoners seeking relief

11   against a governmental entity or an officer or an employee of a governmental entity.  28

12   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

13   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

14   relief may be granted, or that seek monetary relief from a defendant who is immune from

15   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

16           A pleading must contain a "short and plain statement of the claim *showing* that the

17   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

18   not demand detailed factual allegations, "it demands more than an unadorned, the-

19   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

20   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

21   conclusory statements, do not suffice."  *Id.*

22           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

23   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

24   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

25   that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

27   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

28   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

1   allegations may be consistent with a constitutional claim, a court must assess whether there

2   are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

3         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

4   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

5   (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

6   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

7   U.S. 89, 94 (2007) (per curiam)).

8   **III.   First Amended Complaint**

9         In his one-count First Amended Complaint, Plaintiff names as Defendants Arizona

10   Department of Corrections Director David Shinn, Centurion Managed Care ("Centurion"),

11   Centurion Nurse Practitioner Elijah Jordan, and Centurion John or Jane Doe, who

12   "[o]verse[e]s, approves, [or] disapproves providers['] recommendation[s] for Centuri[o]n

13   Managed Care." Plaintiff seeks monetary damages and injunctive relief.

14         Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and

15   unusual punishment regarding his medical care.[1] He claims that when he arrived at ASPC-

16   Yuma in January 2019, he submitted a health needs request explaining that he had

17   Epidermolysis Bullosa, which requires "treatment to the hypersensitivity of [his] skin" and,

18   when active, substantially limits "functions of [his] immune system, normal cell growth,

19   digestive, bow[e]l, bladder, neurological, circulatory, walking, lifting and breathing."

20         Plaintiff contends he saw Defendant Jordan because his "condition had become

21   inflamed[] due to wool blankets." He states that he told Defendant Jordan that he had "lost

22   [his] approved orthotic shoes"; he needed another "sensitive toothbrush, due to gums that

23   cut and bleed easily, then become very painful to the touch"; and he needed a non-wool

24   blanket because the "non-wool blankets provided had caused [him] to break out in a rash."

25

26         [1] Plaintiff also alleges the conduct described in the First Amended Complaint

27   violates "*Parsons v. Ryan.*" However, standing alone, remedial orders, such as those
entered in *Parsons v. Ryan*, CV 12-00601-PHX-ROS (D. Ariz.), cannot serve as a

28   substantive basis for a § 1983 claim for damages because such orders do not create "rights,
privileges, or immunities secured by the Constitution and laws [of the United States]."
*Green v. McKaskle*, 788 F.2d 1116, 112-243 (5th Cir. 1986).

Plaintiff asserts that he explained to Defendant Jordan that he had been provided these items when he was confined in the county jail.

Plaintiff alleges Defendant Jordan told him that treatment of his disorder was very expensive and that "due to their spending budget, the cost would be to[o] high, even though [Plaintiff's] condition seems serious enough and most likely required it." He claims Defendant Jordan "insisted that [Plaintiff's] request for [his] special needs be put off" and that Defendant Jordan would "set [Plaintiff] up to see a dermat[o]logist and [would] decide what to do according to [the dermatologist's] diagnosis."

Plaintiff contends "[m]onths went by" and he continued to submit health needs requests when his condition "got bad." He claims he was in pain and his skin was red and irritated. Plaintiff asserts that when he saw Defendant Jordan again, he explained that he "was burning on the inside"; it hurt to walk because the shoes he purchased from the commissary were too tight around his feet, even without laces; his feet had become inflamed and red because he has a "deformity from having no toe[]nails"; and he could not brush his teeth because a regular toothbrush cut his gums. Plaintiff claims Defendant Jordan did not examine his mouth or feet, told Plaintiff his appointment had been delayed and that Defendant Jordan would reschedule him, and prescribed ibuprofen for Plaintiff's pain. Plaintiff alleges that soon after he was prescribed the pain medication, he began having bloody stools. He claims he reported this to the medical department and also explained that his stomach hurt, but he "was put off again by the long wait and delays," so he continued the ibuprofen.

Plaintiff alleges he continued to submit health needs requests, and he was "placed on some type of in-house treatment, as recommended by [Defendant] Jordan." He asserts the treatments were administered by a registered nurse, but were not working, so the nurse cancelled Plaintiff's appointments. Plaintiff contends that when he explained to Defendant Jordan "and another working staff" that the treatments were not working, Plaintiff was told to continue the appointments. According to Plaintiff, however, the nurse "beg[a]n to threaten [Plaintiff] with disciplinary [action] for showing up, and stated that [Plaintiff] was

no longer on the turnout." Plaintiff asserts that during this time, his appointment to see a dermatologist "continued to get cancel[l]ed"; he was in "torturous pain" and sat up in bed, during the night, in tears, "all the way into the next day"; he was unable to work out or shower "due to the irritation and burning"; and his ability to walk "beg[a]n to be limited because of [his] toes."

Plaintiff alleges he was denied adequate treatment for his serious medical needs. He contends that when he attempted to utilize the administrative remedy process, "medical stopped responding to [his] attempts to resolve" his issues. Plaintiff claims Defendant Centurion and its medical staff members were "punitive" because they knew of his medical condition and allowed his condition to worsen. He asserts his medical condition has gotten worse, his stomach continues to "give [him] problems" because of the ibuprofen, and it has been more than 550 days since he submitted his first health needs request and he is still waiting to see a dermatologist. Plaintiff also contends Defendant Centurion "has benefitted through the cancellation of [his] treatment plans, by using cost[-]cutting systematic schemes to save money, as [Plaintiff] continue[s] to suffer." He alleges this constitutes deliberate indifference.

**IV.    Claims for Which an Answer Will be Required Failure to State a Claim**

Liberally construed, Plaintiff has stated Eighth Amendment deliberate indifference claims against Defendants Centurion and Jordan. The Court will require these Defendants to answer the First Amended Complaint.

**V.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link

between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has not alleged that Defendants Shinn or Doe personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations at all against either Defendant. Thus, the Court will dismiss without prejudice Defendants Shinn and Doe.

**VI.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $21.67.

(3)    Defendants Shinn and Doe are **dismissed** without prejudice.

(4)    Defendants Centurion and Jordan must answer the First Amended Complaint.

(5)    The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 3), this Order, and both summons and request for waiver forms for Defendants Centurion and Jordan.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90

days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(10)    A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or (h)(1) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if

TERMPSREF

required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)    Defendants Centurion and Jordan must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14)    This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 29th day of January, 2021.

James A. Teilborg
Senior United States District Judge

TERMPSREF